LINDA MAJOR, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, BRANDON MAJOR
v.
ALVAREZ, LLC D/B/A FAIRVIEW ACRES APARTMENT, JOHN DOE, A/K/A ISAAC, AND CENTURY SURETY COMPANY.
No. 2007 CA 1830.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION
BRADY K. PATIN, DAVID L. BATEMAN, Baton Rouge, LA, Counsel for Plaintiff/Appellant, Linda Major.
ALBERT D. GIRAUD, Baton Rouge, LA, Counsel for Defendants/Appellants, Alvarez, LLC and Century Surety Company.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
This is an appeal by the plaintiff, Linda Major, individually and on behalf of her minor son, Brandon, of a trial court judgment rendered after a bench trial, dismissing her claim for damages sustained by her toddler son, Brandon, when he fell off a balcony at the apartment complex where they lived. The trial court expressly found that plaintiff had failed to meet her burden of proof on liability in this case, specifically noting credibility determinations it made with regard to several specific witnesses. No other basis is asserted by the appellant for reversal other than that the trial court's credibility determinations were unreasonable. Our review of the record fails to support this claim. We affirm.
The trial court expressed the difficulty in rendering a decision when "everybody's story is so different." Without determining exactly which version of the events to believe as to what actually happened the day in question, the trial court concluded that based on the inconsistencies therein, the plaintiff failed to prove by a preponderance of the evidence that the defendant, Alvarez, L.L.C. d/b/a Fairview Acres Apartments (Alvarez), or its insurer, Century Surety Company, was liable. The trial court first noted the holes in the plaintiffs testimony, which he deemed "difficult to fill." The court specifically noted that the time frame in which the accident occurred, as testified to by the plaintiff, was hard to reconcile with the other testimony. The court also specifically noted the confusing and questionable nature of the testimony provided by the sole alleged eyewitness, Rene Fleming. Finally, the trial court, without wholly adopting the version of events as testified to by Isaac Hernandez, the maintenance worker at the apartment complex, expressly noted that, in relation to the other evidence presented, the testimony of Mr. Hernandez "stood up very well" in terms of reasonableness and of "what probably happened here."
This is a classic example of a case that hinges upon the credibility of witnesses. That determination is one that is made by the trial court and must be given great deference on appeal. Secret Cove, L.L.C. v. Thomas, 02-2498 (La. App. 1st Cir. 11/7/03), 862 So.2d 1010, 1016, writ denied, 04-0447 (La. 4/2/04), 869 So.2d 889. In the absence of contradictory documentary or objective evidence, a factfinder's reasonable decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844-45 (La. 1989). In this case, no documentary or objective evidence was presented. The inconsistent testimony of the witnesses was the only evidence presented, and the appellant has failed to show that the credibility determinations based thereon were unreasonable or manifestly wrong.
We therefore affirm the judgment of the trial court in accordance with Rule 2-16.2A(8) of the Uniform Rules of Louisiana Courts of Appeal. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.
McCLENDON, J., concurs, with reasons.
In the instant case, the trial court was presented with conflicting testimony thus requiring it to make certain credibility determinations. While I may have assessed credibility differently had I been sitting as the trier of fact, I cannot, upon review, substitute my judgment for that of the trial court. Nor can I say that the trail court lacked a reasonable basis for its determination. Under the manifest error standard of review, controlling herein, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La. 1993). Where, as here, two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883. Accordingly, I concur.